## COMMONWEALTH OF KENTUCKY
## IN THE CIRCUIT COURT OF MORGAN COUNTY
## DIVISION Circuit

### Civil Action File No. 08-CI-00058

Judy Rudd, as Administratrix                          PLAINTIFF
of the Estate of Elizabeth Halsey,
deceased and the wrongful death
beneficiaries of Elizabeth Halsey

v.                                    **COMPLAINT**

Advocat, Inc.                                        **DEFENDANTS**
Agent for Service
William R. Council, III
1621 Galleria Blvd.
Brentwood, TN 37027

FILED
MORGAN CO. CIRT DIST COURTS

Diversicare Management Services Co.
National Registered Agents, Inc.                MAR – 6 2008
400 West Market Street
Suite 1800                                    DONNA LAPELFREY
Louisville, KY 40202                                      D C

Diversicare Leasing Corp.
d/b/a West Liberty Nursing and Rehabilitation Center
National Registered Agents, Inc.
400 West Market Street
Suite 1800
Louisville, KY 40202

Pamela Burton, in her capacity as Administrator
of West Liberty Nursing and Rehabilitation Center

and John Does 1 through 10,
Unknown Defendants

COMES NOW Plaintiff, Judy Rudd, as Administratrix of the Estate of Elizabeth

Halsey, deceased and the wrongful death beneficiaries of Elizabeth Halsey and for their

cause of action against Defendants Advocat, Inc. Diversicare Management Services

Company, Diversicare Leasing Corporation d/b/a West Liberty Nursing and Rehabilitation Center, Pamela Burton, in her capacity as Administrator of West Liberty Nursing and Rehabilitation Center; and John Does 1 through 10, unknown defendants and states:

1.     Judy Rudd was the Administratrix of the Estate of Elizabeth Halsey, as appointed by the Order of Morgan County District Court, Case No. 07-P-30 and therefore brings this action on behalf of Elizabeth Halsey, deceased and the wrongful death beneficiaries of Elizabeth Halsey.

2.     Judy Rudd is the daughter of Elizabeth Halsey and a resident of Mt. Sterling, Montgomery County, Kentucky.

3.     Upon information and belief, Elizabeth Halsey was a resident of West Liberty Nursing and Rehabilitation Center, located at 774 Liberty Road, P.O. Box 219, West Liberty, Morgan County, Kentucky from April 25, 2006 until on or about June 22, 2006. Ms. Halsey died on July 10, 2006.

4.     Defendant Advocat, Inc. is a foreign corporation and did business in the State of Kentucky by owning, operating, managing and/or providing services for West Liberty Nursing and Rehabilitation Center. The agent for service of process for Advocat, Inc. is William R. Council, III, 1621 Galleria Blvd., Brentwood, Tennessee 37027.

5.     Defendant Diversicare Leasing Corp. d/b/a West Liberty Nursing and Rehabilitation Center is a foreign corporation licensed to do business in the State of Kentucky and at all times material to this action was the "licensee" of the nursing facility and was authorized to do business as and to operate a nursing facility under the name

2

of West Liberty Nursing and Rehabilitation Center in Morgan County, Kentucky. Under the law and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of West Liberty Nursing and Rehabilitation Center, Diversicare Leasing Corp. was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The agent for service of process for Diversicare Leasing Corp., National Registered Agents, Inc., 400 West Market Street, Suite 1800, Louisville, Kentucky 40202.

6.    Defendant Diversicare Management Services Co. is a foreign corporation engaged in the business of custodial care of elderly and infirm nursing home residents in nursing facilities in several states across the county. Diversicare Management Services Co. was authorized to do business and did business in the State of Kentucky by operating, managing, and providing services for West Liberty Nursing and Rehabilitation Center. The agent for service of process for Diversicare Management Services Co. is National Registered Agents, Inc., 400 West Market Street, Suite 1800, Louisville, Kentucky 40202, or any officer thereof.

7.    Upon information and belief, Defendant Pamela Burton was an Administrator of West Liberty Nursing and Rehabilitation Center during Elizabeth Halsey's residency. Her last known address is 159 Stacy Street, West Liberty, Morgan County, Kentucky 41472.

8.    Defendants John Does 1 through 10 are entities and/or persons, either providing care and services to Elizabeth Halsey, or directly or vicariously liable for the injuries of Elizabeth Halsey. Plaintiff is currently unable to identify these Unknown Defendants, despite diligent efforts, but may discover such identities upon further

investigation. Said Defendants are named insofar as their acts and/or omissions were negligent, tortious or otherwise wrongful with respect to the care, treatment and services to Elizabeth Halsey during her residency at West Liberty Nursing and Rehabilitation Center.

9. Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

10. Whenever the term "Nursing Home Defendants" is utilized within this suit, such term collectively refers to and includes Advocat, Inc., Diversicare Management Services Co., and Diversicare Leasing Corp. d/b/a West Liberty Nursing and Rehabilitation Center.

11. Defendants controlled the operation, planning, management, budget and quality control of West Liberty Nursing and Rehabilitation Center. The authority exercised by Defendants over the nursing facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policy and procedure manuals used by the nursing facilities in Kentucky, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Nursing Home Defendants.

12. Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS AGAINST NURSING HOME DEFENDANTS

13. Upon information and belief, Elizabeth Halsey was looking to Nursing Home Defendants for treatment of her total needs for custodial, nursing and medical

4

care and not merely as the situs where others not associated with the facility would treat her.

14.     At all relevant times mentioned herein, Nursing Home Defendants owned, operated and/or controlled West Liberty Nursing and Rehabilitation Center, either directly or through the agency of each other and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants or employees.

15.     Nursing Home Defendants are directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, consultant or independent contractor, whether in-house or outside individuals, entities, agencies or pools.

16.     Due to the wrongful conduct of Nursing Home Defendants, Elizabeth Halsey suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process, as well as the following injuries:

        a)     Pressure sores;

        b)     Skin tears;

        c)     Malnutrition;

        d)     Dehydration;

        e)     Weight loss;

        f)     Urosepsis;

        g)     Acute renal failure;

        h)     Severe pain;

        i)     Poor hygiene; and

j)   Death.

Elizabeth Halsey also suffered unnecessary loss of personal dignity, pain and suffering, degradation, emotional distress and hospitalizations, all of which were caused by the wrongful conduct of Nursing Home Defendants as alleged below.

## CAUSES OF ACTION AGAINST NURSING HOME DEFENDANTS

### NEGLIGENCE

17.   Plaintiff incorporates all allegations contained in Paragraphs 1 – 16.

18.   Nursing Home Defendants owed a non-delegable duty to Elizabeth Halsey, to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

19.   Upon information and belief, Nursing Home Defendants knowingly developed and maintained staffing levels at West Liberty Nursing and Rehabilitation Center in disregard of patient acuity levels as well as the minimal time required for Nursing Home Defendants to perform the essential functions of providing care to Elizabeth Halsey.

20.   Nursing Home Defendants negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

a)   The failure by the members of the governing body of West Liberty Nursing and Rehabilitation Center to discharge their legal and lawful obligation by:

1. ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Elizabeth Halsey, as promulgated by the Cabinet for Health Services, Division of Long Term Care;

2. ensuring compliance with the resident care policies for West Liberty Nursing and Rehabilitation Center; and

6

3. ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

b) The failure to develop, implement and follow policies to assist Elizabeth Halsey in attaining and maintaining the highest level of physical, mental and psychological well-being to promote her healing or cure;

c) The failure to maintain all records on Elizabeth Halsey in accordance with accepted professional standards and practices;

d) The failure to provide the minimum number of qualified personnel to meet the total needs of Elizabeth Halsey;

e) The failure to monitor or increase the number of nursing personnel at West Liberty Nursing and Rehabilitation Center to ensure that Elizabeth Halsey:

1. received timely and accurate care assessments;

2. received prescribed treatment, medication and diet; and,

3. received timely custodial, nursing and medical intervention due to a significant change in condition;

f) The failure to provide nursing and other staff that was properly staffed, qualified and trained;

g) The failure to have in place adequate guidelines, policies and procedures of West Liberty Nursing and Rehabilitation Center and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

h) The failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at West Liberty Nursing and Rehabilitation Center; and

i) The failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Elizabeth Halsey in proportion to her particular physical ailments, known or discoverable by the exercise of reasonable skill and diligence.

21. A reasonably careful nursing facility would not have failed to provide the

7

care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Elizabeth Halsey. Each of the foregoing acts of negligence on the part of Nursing Home Defendants was accompanied by such wanton or reckless disregard for the health and safety of Elizabeth Halsey as to constitute gross negligence.

22.    Pursuant to KRS 446.070, Plaintiff also alleges that Nursing Home Defendants violated statutory and regulatory duties of care, the violations of which are actionable as negligence per se. Elizabeth Halsey was injured by the statutory violations of Nursing Home Defendants and was within the class of persons for whose benefit the statutes were enacted and who was intended to be protected by these statutes. The negligence per se of Nursing Home Defendants included, but is not limited to, violation(s) of the following:

<ol type="a">
<li>Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Elizabeth Halsey;</li>

<li>Violation(s) of KRS 508.090 et seq., criminal abuse, by committing intentional, wanton or reckless abuse of Elizabeth Halsey, who was physically helpless or mentally helpless or permitting Elizabeth Halsey, a person of whom Nursing Home Defendants had actual custody, to be abused. Such abuse caused serious physical injury, placed Elizabeth Halsey in a situation that might cause her serious physical injury, and/or caused torture, cruel confinement or cruel punishment of Elizabeth Halsey;</li>

<li>Violation(s) of KRS 506.080, criminal facilitation of criminal act(s), by acting with knowledge that another person or entity was committing one or more of the foregoing criminal acts or intending to commit one or more of the foregoing criminal acts, and engaged in conduct which knowingly provided another person or entity the means or opportunity for the commission of such criminal act(s) and which in fact aided another person or entity to commit the criminal act(s); and/or</li>
</ol>

8

     d)    Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

23.    As a direct and proximate result of such grossly negligence, wanton or reckless conduct, Elizabeth Halsey suffered the injuries described herein.  Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, and disfigurement, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## MEDICAL NEGLIGENCE

24.    Plaintiff incorporates all of the allegations in Paragraphs 1 – 23.

25.    Nursing Home Defendants had a duty to provide the standard of professional medical care and services of a reasonably competent nursing facility acting under the same and similar circumstances.

26.    Nursing Home Defendants failed to meet applicable standards of medical care.  The medical negligence or malpractice of Nursing Home Defendants included, but was not limited to, the following acts and omissions:

     a)    The overall failure to ensure that Elizabeth Halsey received the following:

        1. timely and accurate care assessments;

9

    2.  prescribed treatment, medication and diet;

    3.  necessary supervision; and

    4.  timely nursing and medical intervention due to a significant change in condition;

b)    Failure to provide and implement an adequate nursing care plan based on the needs of Elizabeth Halsey;

c)    Failure to provide proper treatment and assessment to Elizabeth Halsey in order to prevent infections, including but not limited to, urinary tract and upper respiratory infections and pneumonia;

d)    Failure to provide proper custodial care and hygiene, to prevent Elizabeth Halsey from lying in her own feces;

e)    Failure to assess the risk and prevent, treat or heal the development or worsening of pressure ulcers;

f)    Failure to ensure that Elizabeth Halsey received adequate and proper nutrition, fluids, supervision, medication and skin care;

g)    Failure to provide Elizabeth Halsey with adequate amounts of fluid to prevent dehydration;

h)    Failure to provide Elizabeth Halsey with adequate nutrition to prevent weight loss;

i)    Failure to increase the number of personnel at the facility to ensure that Elizabeth Halsey received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and care to her skin feet, and nails, oral hygiene, and hair cuts;

j)    Failure to provide care, treatment and medication in accordance with physician's orders; and

k)    Failure to adequately and appropriately monitor Elizabeth Halsey and recognize significant changes in her health status, and to timely notify her physician of significant changes in her health status.

27.    It was foreseeable that the breaches of care listed above would result in serious injuries of Elizabeth Halsey.  A reasonably competent nursing facility acting

10

under the same or similar circumstances would not have failed to provide the care listed above.

28.     Each of the foregoing acts of professional or medical negligence on the part of Nursing Home Defendants was accompanied by such wanton or reckless disregard for the health and safety of Elizabeth Halsey as to constitute gross negligence.

29.     As a direct and proximate result of such grossly negligence, wanton or reckless conduct, Elizabeth Halsey suffered the injuries described herein.   Plaintiff assert a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, and disfigurement, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff are entitled by law.

## CORPORATE NEGLIGENCE

30.     Plaintiff incorporates all allegations contained in Paragraphs 1 – 29.

31.     Upon information and belief, Elizabeth Halsey was looking to Nursing Home Defendants' facility for treatment of her physical ailments and not merely as the situs where others not associated with the facility would treat Elizabeth Halsey for her problem.   There is a presumption that the treatment Elizabeth Halsey received was being rendered through employees of Nursing Home Defendants and that any negligence associated with that treatment would render Nursing Home Defendants responsible. Nursing Home Defendants or persons or entities under their control, or to

11

the extent Nursing Home Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Elizabeth Halsey, to use the degree and skill which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

32.     Nursing Home Defendants owed a non-delegable duty to assist Elizabeth Halsey in attaining and maintaining the highest level of physical, mental and psychological well-being and to promote her cure.

33.     Nursing Home Defendants owed a duty to Elizabeth Halsey to maintain their facilities; including providing and maintaining medical equipment; and hiring, supervising and retaining nurses and other staff employees.

34.     Nursing Home Defendants owed a duty to Elizabeth Halsey to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by Nursing Home Defendants to insure smoothly run facilities and adequate resident care.

35.     Nursing Home Defendants owed a duty to Elizabeth Halsey to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence.   The duty of reasonable care and attention extended to safeguarding Elizabeth Halsey from danger due to her physical incapacity to care for herself. Nursing Home Defendants had a duty to protect Elizabeth Halsey from any danger which the surroundings would indicate might befall her in view of any peculiar trait exhibited by her

or which her physical condition or aberration would suggest as likely to happen.

36.    As a direct and proximate result of such grossly negligence, wanton or reckless conduct, Elizabeth Halsey suffered the injuries described herein.    Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, and disfigurement, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

37.    Plaintiff incorporates all of the allegations in Paragraphs 1 – 36.

38.    Nursing Home Defendants violated statutory duties owed to Elizabeth Halsey as a resident of a long term care facility, Kentucky Revised Statutes 216.510 *et seq.* These statutory duties were non-delegable.

39.    The violations of the resident's rights of Elizabeth Halsey include, but are not limited to, the following:

   a) Violation of the right to be treated with consideration, respect, and full recognition of her dignity and individuality, including privacy in treatment and in care for her personal needs;

   b) Violation of the right to have a responsible party or family member or her guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

   c) Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

   d) Violation of the right to have the Nursing Home Defendants develop and implement a mechanism which would have allowed Elizabeth

Halsey and the responsible party or her responsible family member or her guardian to participate in planning of her care; and

e)    Violation of the right to be given assistance when needed in maintaining body hygiene and good grooming.

40.    As a result of the aforementioned violations of the Resident's Rights Statutes by Nursing Home Defendants, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

41.    The aforementioned violations of the Resident's Rights Act by Nursing Home Defendants was grossly negligence, reckless and conducted with conscious indifference to the rights of Elizabeth Halsey and, pursuant to K.R.S.  § 216.515(26), Plaintiff is entitled to punitive damages from Nursing Home Defendants in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

## WRONGFUL DEATH

42.    Plaintiff incorporates all allegations in Paragraphs 1 – 41.

43.    As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, wanton or reckless, the Nursing Home Defendants caused the death of Elizabeth Halsey by their wrongful conduct.

44.    Elizabeth Halsey suffered personal injuries, including excruciating pain and suffering, mental anguish, and emotional distress.  The pain, disfigurement and loss

of dignity suffered by Elizabeth Halsey caused her family to suffer more than normal grief upon her death.

45.     As a direct and proximate result of such, the wrongful death suffered by Elizabeth Halsey, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, funeral expenses and other related costs, pain and suffering, the grief suffered by statutory beneficiaries, mental anguish, disability and loss of life in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees, plus costs and all other relief to which Plaintiff is entitled by law.

**CAUSE OF ACTION AGAINST
PAMELA BURTON, IN HER CAPACITY AS ADMINISTRATOR OF
WEST LIBERTY NURSING AND REHABILITATION CENTER, INC.**

**NEGLIGENCE**

46.     Plaintiff incorporates all of the allegations in Paragraphs 1 – 45.

47.     As a nursing home administrator, required to be licensed by the State of Kentucky, Pamela Burton owed ordinary duties of care to Elizabeth Halsey, as well as professional duties and statutory duties owed to residents by licensed, nursing home administrators in this state; pursuant to the Nursing Home Administrators Licensure Act of 1970, codified as Kentucky Revised Statutes sections 216A.010 *et seq.*

48.     As holder of a nursing home administrator's license Pamela Burton was legally and individually responsible for the operation of the facility and the welfare of its

15

residents pursuant to Chapter 216A of the Kentucky Revised Statutes and Title 201, Chapter 6 of the Kentucky Administrative Regulations.

49.    Pamela Burton was also responsible for the total management of West Liberty Nursing and Rehabilitation Center pursuant to federal law.

50.    Pamela Burton's management responsibilities included ensuring that West Liberty Nursing and Rehabilitation Center operated and provided services in compliance with all applicable federal, state, and local laws, regulations, and codes, and within accepted professional standards and principles.

51.    Pamela Burton's breached her duties of ordinary care and failed to operate, manage or administer West Liberty Nursing and Rehabilitation Center in compliance with accepted professional standards and principles through acts and omissions including, but not limited to, the following:

        a)    The failure to provide sufficient numbers of qualified personnel to meet the total needs of Elizabeth Halsey throughout her residency and to ensure that Elizabeth Halsey;

            1.    received timely and accurate care assessments;

            2.    received treatment, medication, and diet; and

            3.    was protected from accidental injuries by the correct use of ordered and reasonable safety measures;

        b)    The failure to adequately screen, evaluate, and test for competence in selecting personnel to work at West Liberty Nursing and Rehabilitation Center;

        c)    The failure to ensure that the staff provided Elizabeth Halsey with sufficient amounts of fluids to prevent dehydration throughout her residency at West Liberty Nursing and Rehabilitation Center;

        d)    The failure to ensure that Elizabeth Halsey attained and maintained her highest level of physical, mental, and psychosocial well-being;

16

e)    The failure to ensure that Elizabeth Halsey received care, treatment, and medication as prescribed or in accordance with physician's orders;

f)    The failure to ensure that Elizabeth Halsey was treated with the dignity and respect that all nursing home residents are entitled to receive;

g)    The failure to provide a safe environment for Elizabeth Halsey;

h)    The failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at West Liberty Nursing and Rehabilitation Center;

i)    The failure to discipline or terminate employees at West Liberty Nursing and Rehabilitation Center assigned to Elizabeth Halsey that were known to be careless, incompetent, and unwilling to comply with the policy and procedures of West Liberty Nursing and Rehabilitation Center and the rules and regulations promulgated by the Cabinet for Health Services;

j)    The failure to adopt adequate guidelines, policies, and procedures for:

    1.    Investigating the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at West Liberty Nursing and Rehabilitation Center by the Cabinet for Health Services or any other authority;

    2.    Determining the cause of any such deficiencies, violations, or penalties;

    3.    Establishing the method and means for correcting deficiencies or licensure violations or penalties found to exist at West Liberty Nursing and Rehabilitation Center;

    4.    Determining whether West Liberty Nursing and Rehabilitation Center had sufficient numbers of personnel to meet the total needs of Elizabeth Halsey; and

    5.    Documenting, maintaining files, investigating, and responding to any complaint regarding the quality of resident care, or misconduct by employees at West Liberty Nursing and Rehabilitation Center, regardless of whether such complaint derived from a resident of said facility, an employee of the facility, or any interested person; and

17

k)    The failure to maintain all records on Elizabeth Halsey in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to her diagnosis, treatment, and appropriate care plans of care and treatment.

52.    A reasonably careful nursing home administrator would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Elizabeth Halsey. Each of the foregoing acts of negligence on the part of Pamela Burton was accompanied by such wanton or reckless disregard for the health and safety of Elizabeth Halsey as to constitute gross negligence.

53.    Additionally, Pamela Burton's failure to operate, manage or administer West Liberty Nursing and Rehabilitation Center in compliance with federal, state, and local laws, regulations, and codes intended to protect nursing home residents, included, but was not limited to:

a)    The failure to ensure compliance with rules and regulations of the Cabinet for Health Services, pursuant to Chapters 216, 216B and 13A of the Kentucky Revised Statutes and the administrative regulations promulgated thereunder, and the federal minimum standards imposed by the United States Department of Health and Human Services;

b)    The failure to ensure compliance with laws and regulations promulgated by the Cabinet for Health Services to provide the minimum number of staff necessary to assist Elizabeth Halsey with her needs;

c)    The failure to ensure compliance with law and regulations of the Board of Licensure for Nursing Home Administrator pursuant to the Nursing Home Administrator Licensure Act of 1970, Kentucky Revised Statutes sections 216A.010 et seq.;

d)    The failure to provide the necessary care and services to attain or maintain the highest practicable, physical, mental, and

18

psychosocial well-being of Elizabeth Halsey, and in accordance with the comprehensive assessment and plan of care created at West Liberty Nursing and Rehabilitation Center;

e)   The failure to provide sufficient nursing staff and nursing personnel to provide adequate and appropriate nursing care to Elizabeth Halsey in accordance with the resident care plan generated at West Liberty Nursing and Rehabilitation Center;

f)   The failure to administer West Liberty Nursing and Rehabilitation Center in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of Elizabeth Halsey;

g)   The failure to ensure a nursing care plan based on Elizabeth Halsey's problems and needs was established which contained measurable objectives and time tables to meet her medical, nursing, mental, and psychosocial needs as identified in her comprehensive assessment, which was reviewed and revised when Elizabeth Halsey's needs changed;

h)   The failure to notify Elizabeth Halsey's family and physician of a need to alter her treatment significantly;

i)   The failure to provide a safe environment.;

j)   The failure to ensure that Elizabeth Halsey maintained acceptable parameters of nutritional status and received a therapeutic diet throughout her residency.

54.   Elizabeth Halsey is member of a class intended to be protected by the above laws and regulations. The injuries alleged in Paragraph 16 resulted from events the laws and regulations were designed to prevent.

55.   It was foreseeable that these breaches of statutory duties would result in serious injuries to Elizabeth Halsey. Each of the foregoing acts of negligence per se on the part of Pamela Burton was accompanied by such wanton or reckless disregard for the health and safety of Elizabeth Halsey as to constitute gross negligence.

56.   As a direct and proximate result of such grossly negligent, wanton, or

19

reckless conduct, Elizabeth Halsey suffered the injuries described in Paragraph 16, and Plaintiff assert a claim for judgment for all compensatory and punitive damages against Pamela Burton, in her capacity as Administrator of West Liberty Nursing and Rehabilitation Center, including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, and disfigurement, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## CAUSES OF ACTIONS AGAINST ALL DEFENDANTS
### DAMAGES

57.   Plaintiff re-alleges and incorporates the allegations in Paragraphs 1 – 56 as fully set forth herein.

58.   As a direct and proximate result of the negligence of Defendants as set out above, Elizabeth Halsey suffered injuries as set forth herein.  As a result, Elizabeth Halsey incurred significant medical expenses, and suffered embarrassment and physical impairment.

59.   Plaintiff seeks punitive and compensatory damages against Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Judy Rudd, as Administratrix of the Estate of Elizabeth Halsey, deceased and the wrongful death beneficiaries of Elizabeth Halsey, prays for judgment against Defendants Advocat, Inc., Diversicare Management Services Co., Diversicare Leasing Corp. d/b/a West Liberty Nursing and Rehabilitation Center,

20

Pamela Burton, in her capacity as Administrator of West Liberty Nursing and Rehabilitation Center, and John Does 1 through 10, unknown defendants, in an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

Respectfully submitted this 4th day of

March , 2008,

Judy Rudd, as Administratrix
of the Estate of Elizabeth Halsey,
deceased and the wrongful death
beneficiaries of Elizabeth Halsey

By: _Rick Circeo pre_

Richard E. Circeo (KY 90243)
WILKES & McHUGH, P.A.
2100 West End Plaza, Suite 640
Nashville, Tennessee 37203
Telephone:   (615) 321-0771
Facsimile:   (615) 321-0994

Attorney for Plaintiff

21



**H³GM**

HARWELL HOWARD HYNE
GABBERT & MANNER, P. C.

JONATHAN HARWELL
LIN S. HOWARD *
ERNEST E. HYNE II
CRAIG V. GABBERT, JR.
MARK MANNER
GLEN ALLEN CIVITTS
JOHN N. POPHAM IV

JOHN M. BRITTINGHAM
SUSAN V. SIDWELL
JOHN F. BLACKWOOD
D. ALEXANDER FARDON
MICHAEL R. HILL
DAVID COX
CURTIS CAPELING
BARBARA D. HOLMES

ALIX COULTER CROSS
KRIS KEMP
J. GREG GIFFEN
LESLIE B. WILKINSON, JR.
DAVID P. CARAS
DAVID SIMCOX
TRACY M. LUJAN †
JONATHAN STANLEY

KENNETH S. BYRD
JEFFREY J. MILLER
W. CHRISTOPHER ANDREWS
J. DAVID McDOWELL
D. MATTHEW FOSTER

*Of Counsel
†Also Admitted In Colorado

March 12, 2008

**VIA FEDERAL EXPRESS**
Robert Rice
Advocat, Inc.
1621 Galleria Boulevard
Brentwood, TN 37027-2926

**VIA FEDERAL EXPRESS**
Janie Hanna
Sedgwick Carona
10370 Richmond Avenue, Suite 350
Houston, Texas 77042

> **Re:** **Judy Rudd, as Administratrix of the Estate of Elizabeth Halsey, deceased and the wrongful death beneficiaries of Elizabeth Halsey**
> Commonwealth of Kentucky-Circuit Court of Morgan County
> Case No. 08-CI-00058

Dear Bob and Janie:

Enclosed please find National Registered Agents' Service of Process Summary Transmittal Forms #KY14293 and KY14294 along with a Civil Summons and Complaint which were received by our office on March 12, 2008 on behalf of Diversicare Leasing Corp. (served as d/b/a West Liberty Nursing & Rehabilitation Center) and Diversicare Management Services Co. in the above-referenced matter. Please note that an answer or appearance is due within 20 days on both services.

If you have any questions or need any assistance please let us know.

Sincerely,

HARWELL HOWARD HYNE
GABBERT & MANNER, P.C.

Glenn B. Rose

GBR/lsm
Enclosures

# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: MARK MANNER (ATTY.)
HARWELL HOWARD HYNE GABBERT & MANNER
315 DEADERICK ST., STE. 1800
NASHVILLE, TN 37238

SOP Transmittal # KY14294

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Defendant: DIVERSICARE MANAGEMENT SERVICES CO.
(Entity Served)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of    KENTUCKY    on this  10  day of    March    ,  2008  . The following is a summary of the document(s) received:

1.  **Title of Action:** Judy Rudd, as Administratrix, v. Advocat, Inc., et al

2.  **Document(s) served:**

| | | |
|---|---|---|
| ☒ Summons | ___ Subpoena | ___ Injunction |
| ☒ Complaint | ___ Third Party Complaint | ___ Notice of |
| ___ Petition | ___ Demand for Jury Trial | ___ Mechanics Lien |
| ___ Garnishment | ___ Default Judgement | ___ Other: |

3.  **Court of Jurisdiction/**    Morgan Circuit Court
    **Case & Docket Number:**  08-CI-00058

4.  **Amount Claimed, if any:**

5.  **Method of Service** (select one):
    ___ Personally served by:    ___ Process Server    ___ Deputy Sheriff    ___ U. S Marshall
    ☒ Delivered Via:    ☒ Certified Mail    ___ Regular Mail    ___ Facsimile
             (Envelope enclosed)    (Envelope enclosed)
    ___ Other (Explain):

6.  **Date and Time of Service:** 3/10/2008 2:41:52 PM CST (GMT -6)

7.  **Appearance/Answer Date:** 20 Days

8.  **Plaintiff's Attorney:**    Richard E. Circeo
    (Name, Address & Telephone Number)   Wilkes & McHugh, P.A.
    2100 West End Plaza, Suite 640
    Nashville, TN 37203
    (615) 321-0771

9.  **Federal Express Airbill #** 798392792203

10. **Call Made to:** Cher

11. **Special Comments:**

**NATIONAL REGISTERED AGENTS, INC.**    **Copies To:**

Transmitted by: Patti Hampton

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

Generated:   03/07/2008

| AOC-S-105   Sum Code: CI<br>Rev. 7-99<br><br>**Commonwealth of Kentucky**<br>**Court of Justice**<br>CR 4.02; Cr Official Form 1 | <br>**Civil Summons** | Case Number **08-CI-00058**<br>Court CI<br>County  MORGAN |

*Plantiff,* RUDD, JUDY  VS. ADVOCAT, INC.,   , ET AL, *Defendant*

DIVERSICARE MANAGEMENT SERVICES CO.,

**The Commonwealth of Kentucky to the above-named Defendant(s):**

**You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf  within twenty (20) days following the day this paper is delivered to you, judgement by default may be taken against you for the relief demanded in the attached complaint.**

**The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.**

Circuit/District Clerk, DONNA PELFRY

By _____ , DC

Date: 03/06/2008

NATIONAL REGISTERED AGENTS, INC.
400 WEST MARKET ST.
STE. 1800
LOUISVILLE, KY. 40202

**Proof of Service**

[ ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
  To:

[ ] Not Served because:

Date: _____, 2____        _____
                                          Served by:

CI    08-CI-00058
RUDD, JUDY  VS. ADVOCAT, INC.,   , ET AL



# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  MARK MANNER (ATTY.)
HARWELL HOWARD HYNE GABBERT & MANNER
315 DEADERICK ST., STE. 1800
NASHVILLE, TN 37238

SOP Transmittal # KY14293

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Defendant: DIVERSICARE LEASING CORP.(Served as d/b/a West Liberty Nursing & Rehab. Ctr)
(Entity Served)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of    KENTUCKY    on this  10  day of    March   ,  2008  . The following is a summary of the document(s) received:

1.  **Title of Action:** Judy Rudd, as Administratrix, v. Advocat, Inc., et al

2.  **Document(s) served:**

| | | |
|---|---|---|
| ☒ Summons | __ Subpoena | __ Injunction |
| ☒ Complaint | __ Third Party Complaint | __ Notice of |
| __ Petition | __ Demand for Jury Trial | __ Mechanics Lien |
| __ Garnishment | __ Default Judgement | __ Other: |

3.  **Court of Jurisdiction/**  Morgan Circuit Court
**Case & Docket Number:** 08-CI-00058

4.  **Amount Claimed, if any:**

5.  **Method of Service** (select one):
__ Personally served by:  __ Process Server      __ Deputy Sheriff        __ U. S Marshall
☒ Delivered Via:      ☒ Certified Mail       __ Regular Mail        __ Facsimile
                         (Envelope enclosed)        (Envelope enclosed)
__ Other (Explain):

6.  **Date and Time of Service:** 3/10/2008 2:41:51 PM CST (GMT -6)

7.  **Appearance/Answer Date:** 20 Days

8.  **Plaintiff's Attorney:**  Richard E. Circeo
(Name, Address & Telephone Number)  Wilkes & McHugh, P.A.
2100 West End Plaza, Suite 640
Nashville, TN 37203
(615) 321-0771

9.  **Federal Express Airbill #** 798392792203

10. **Call Made to:** Cher

11.  **Special Comments:**

**NATIONAL REGISTERED AGENTS, INC.**          **Copies To:**

Transmitted by: Patti Hampton

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

Generated:   03/07/2008

| AOC-S-105   Sum Code: CI | | Case Number **08-CI-00058** |
| Rev. 7-99 | | Court   CI |
| **Commonwealth of Kentucky**<br>**Court of Justice**<br>**CR 4.02; Cr Official Form 1** | <br>**Civil Summons** | County   MORGAN |

*Plantiff,* RUDD, JUDY  VS. ADVOCAT, INC.,   , ET AI, *Defendant*

DIVERSICARE LEASING CORP.,
D/B/A WEST LIBERTY NURSING & REHAB. CTR

**The Commonwealth of Kentucky to the above-named Defendant(s):**

**You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days following the day this paper is delivered to you, judgement by default may be taken against you for the relief demanded in the attached complaint.**

**The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.**

Circuit/District Clerk, DONNA PELFRY

By _____ , DC

Date: 03/06/2008

NATIONAL REGISTERED AGENTS, INC.
400 W. MARKET ST.
STE. 1800
LOUISVILLE, KY. 40202

| **Proof of Service** |
| [  ] This Summons was served by delivering a true copy and the Complaint (or other initiating document) |
| To: |
| [  ] Not Served because: |
| Date:                      2 |  Served by |

CI    08-CI-00058
RUDD, JUDY  VS. ADVOCAT, INC.,   , ET AL





Trey Grayson
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718
Phone: (502) 564-3490
Fax: (502) 564-1484

March 10, 2008

ADVOCAT, INC.
C/O WILLIAM R. COUNCIL, III
1621 GALLERIA BLVD.
BRENTWOOD, TN 37027


FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 08-CI-00058

COURT:  Circuit Court Clerk
        Morgan County
        PO Box 85
        West Liberty, KY 41472
        **Phone: (606) 743-3763**

Legal action has been filed against you in the captioned case.  As provided under
Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

    **(1) Your attorney, or**
    **(2) The attorney filing this suit whose name should appear on**
        **the last page of the complaint, or**
    **(3) The court or administrative agency in which the suit is filed**
        **at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this
case.  Your responsive pleadings should be filed with the clerk of the court or agency
where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve
the pleading under a particular statute or rule and pay for said service.

Generated:   03/07/2008

| | | |
|---|---|---|
| AOC-S-105   Sum Code: CI<br>Rev. 7-99<br><br>**Commonwealth of Kentucky**<br>**Court of Justice**<br>**CR 4.02; Cr Official Form 1** | <br>**Civil Summons** | Case Number **08-CI-00058**<br>Court  CI<br>County  MORGAN |

*Plaintiff,* RUDD, JUDY  VS. ADVOCAT, INC.,  , ET AL, *Defendant*

ADVOCAT, INC.,
C/O WILLIAM R. COUNCIL, III
1621 GALLERIA BLVD.
BRENTWOOD            TN    37027

**RECEIVED**

MAR 1 0 2008

SECRETARY OF STATE
COMMONWEALTH OF KY

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf  within twenty (20) days following the day this paper is delivered to you, judgement by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, DONNA PELFRY

By _____ , DC

Date: 03/06/2008

OFFICE OF THE SECRETARY OF STATE
LEGAL DIVISION
P.O. BOX 718
FRANKFORT, KY. 40602-0718

**Proof of Service**

[  ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
    To: _____

[  ] Not Served because: _____

Date: _____, 2___                    _____
                                                        Served by: _____

CI    08-CI-00058
RUDD, JUDY  VS. ADVOCAT, INC.,  , ET AL



Generated:   03/07/2008

| | | |
|---|---|---|
| **AOC-S-105    Sum Code: CI**<br>**Rev. 7-99**<br><br>**Commonwealth of Kentucky**<br>**Court of Justice**<br>**CR 4.02; Cr Official Form 1** | <br>**Civil Summons** | Case Number **08-CI-00058**<br>Court **CI**<br>County **MORGAN** |

*Plantiff,* RUDD, JUDY   VS. ADVOCAT, INC.,   , ET AL, *Defendant*

BURTON, PAMELA
ADMINISTRATOR OF WEST LIBERTY NURSING &
REHABILITATION CENTER- 159 STACY ST.
WEST LIBERTY          KY     41472



**The Commonwealth of Kentucky to the above-named Defendant(s):**

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf  within twenty (20) days following the day this paper is delivered to you, judgement by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, DONNA PELFRY

By_____ , DC

Date: 03/06/2008

**Proof of Service**
[  ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)
To:
[  ] Not Served because:
Date:                                                                                        Served by:

CI    08-CI-00058
RUDD, JUDY  VS. ADVOCAT, INC.,   , ET AL

