UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT ASHLAND
Case No. _____

Judy Rudd, as Administratrix of
The Estate of Elizabeth Halsey,
Deceased and the Wrongful Death
Beneficiaries of Elizabeth Halsey                                                                PLAINTIFF

v.

Advocat, Inc.

Diversicare Management Services Co.

Diversicare Leasing Corp. d/b/a
West Liberty Nursing and Rehabilitation Center

Pamela Burton, in her capacity as Administrator
of West Liberty Nursing and Rehabilitation Center

and John Does 1 through 10, Unknown Defendants                                    DEFENDANTS

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Advocat, Inc.[1]; Diversicare Management Services Co.; Diversicare Leasing Corp. d/b/a West Liberty Nursing and Rehabilitation Center; and Pamela Burton, in her capacity as Administrator of West Liberty Nursing and Rehabilitation Center (hereinafter collectively "Defendants"), for their Answer to Plaintiff's Complaint state:

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and they are therefore deemed denied.

---

[1] Advocat, Inc. provided no goods, services, or accommodations to Halsey, was not asked to provide any goods, services, or accommodations to Halsey, owed Halsey no duties, and is not a proper Defendant in this case.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and they are therefore deemed denied.

3. In response to the allegations contained in Paragraph 3 of the Complaint, Defendants admit that Elizabeth Halsey was a resident at West Liberty Nursing and Rehabilitation Center at times. Defendants also admit that West Liberty Nursing and Rehabilitation Center is located at 774 Liberty Road, P.O. Box 219, West Liberty, Morgan County, Kentucky. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint and, therefore, they are deemed denied.

4. In response to the allegations contained in Paragraph 4 of the Complaint, Defendants admit that Advocat, Inc. is a foreign corporation. Defendants further admit that Advocat, Inc.'s agent for service of process in Tennessee is William R. Council, III. Defendants deny that Advocat, Inc. does business in the State of Kentucky. Defendants deny all remaining allegations contained in Paragraph 4 of the Complaint. Defendants further assert that Advocat, Inc. does not own the West Liberty Nursing and Rehabilitation Center, did not provide services to Elizabeth Halsey, and is not a proper defendant to this lawsuit.

5. In response to the allegations contained in Paragraph 5 of the Complaint, Defendants admit that Diversicare Leasing Corp. is a foreign corporation licensed to do business in Kentucky. Defendants further admit that the agent for service of process for Diversicare Leasing Corp. is National Registered Agents, Inc., 400 West Market Street, Suite 1800, Louisville, Kentucky 40202. Defendants additionally admit that Diversicare Leasing Corp. is authorized to do business under the name of West Liberty Nursing and Rehabilitation Center in Morgan County, Kentucky. Defendants admit that certain laws and regulations pertaining to nursing

homes are set forth in applicable Kentucky law. To the extent that Paragraph 5 of the Complaint alleges laws, regulations, or standards beyond those set forth in applicable Kentucky law, such allegations are denied. Defendants deny any remaining allegations set forth in Paragraph 5 of the Complaint.

6. In response to the allegations contained in Paragraph 6, Defendants admit that Diversicare Management Services Co. is a foreign corporation authorized to do business in Kentucky. Defendants further admit that the agent for service of process for Diversicare Management Services Co. is National Registered Agents, Inc., 400 West Market Street, Suite 1800, Louisville, Kentucky 40202. Defendants additionally admit that Diversicare Management Services Co. provides management support services to West Liberty Nursing and Rehabilitation Center. Defendants deny any remaining allegations contained in Paragraph 6 to the extent that they are inconsistent with the foregoing.

7. In response to the allegations in Paragraph 7, Defendants admit that Pamela Burton was the Administrator of West Liberty Nursing and Rehabilitation Center during Elizabeth Halsey's residency. Defendants further admit that Pamela Burton's address is 159 Stacy Street, West Liberty, Kentucky 41472. Defendants further assert that Pamela Burton did not provide any direct care to Plaintiff during her residency and is not a proper defendant in this case.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint setting forth Plaintiff's rationale for naming John Does 1 through 10 as Defendants in this lawsuit and, therefore, such allegations are deemed denied. To the extent the allegations contained in Paragraph 8 of the Complaint allege any wrongdoing on the part of Defendants, such allegations are denied.

9. The allegations contained in Paragraph 9 of the Complaint do not contain a factual allegation to which Defendants can respond and, therefore, such allegations are deemed denied.

10. The allegations contained in Paragraph 10 of the Complaint do not contain a factual allegation to which Defendants can respond and, therefore, such allegations are deemed denied.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. The allegations contained in Paragraph 12 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, such allegations are denied.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and therefore such allegations are deemed denied.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. The allegations contained in Paragraph 15 of the Complaint are legal conclusions that require no response. However, to the extent such a response is required, Defendants deny such allegations.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint, including all of its subparts.

17. In response to the allegations set forth in Paragraph 17 of the Complaint, Defendants restate and reallege each and every response and defense to Plaintiff's allegations set forth above in Paragraphs 1-16.

18. Defendants admit that West Liberty Nursing and Rehabilitation Center owed Elizabeth Halsey certain duties regarding her care and treatment that are set forth in applicable law. To the extent that Paragraph 18 alleges any duties or responsibilities owed to Halsey by Defendants

4

beyond those imposed by applicable law or that Defendants breached such duties or responsibilities to Halsey, Defendants deny such allegations.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of the Complaint, including all of its subparts.

21. Defendants further deny the allegations set forth in Paragraph 21.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint, including all of its subparts.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. In response to the allegations set forth in Paragraph 24 of the Complaint, Defendants restate and reallege each and every response and defense to Plaintiff's allegations set forth above in Paragraphs 1-23.

25. Defendants admit that West Liberty Nursing and Rehabilitation Center owed Elizabeth Halsey certain duties regarding her care and treatment that are set forth in applicable law. To the extent that Paragraph 25 alleges any duties or responsibilities owed to Halsey by Defendants beyond those imposed by applicable law or that Defendants breached such duties or responsibilities to Halsey, Defendants deny such allegations.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint, including all of its subparts.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint and further assert that Plaintiff is not entitled to judgment against Defendants or any damages or other relief in regard to Defendants in this matter.

30. In response to the allegations set forth in Paragraph 30 of the Complaint, Defendants restate and reallege each and every response and defense to Plaintiff's allegations set forth above in Paragraphs 1-29.

31. In response to the allegations contained in Paragraph 31 of the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations that "Elizabeth Halsey was looking to Nursing Home Defendants' facility for treatment of her physical ailments and not merely as the situs where others not associated with the facility would treat Elizabeth Halsey for her problem," and, therefore, such allegations are denied. Defendants admit that West Liberty Nursing and Rehabilitation Center owed Elizabeth Halsey certain duties regarding her care and treatment that are set forth in applicable law. To the extent that Paragraph 31 alleges any duties or responsibilities owed to Halsey by Defendants beyond those imposed by applicable law or that Defendants breached such duties or responsibilities to Halsey, Defendants deny such allegations. Defendants deny the remaining allegations in Paragraph 31 of the Complaint.

32. Defendants admit that West Liberty Nursing and Rehabilitation Center owed Elizabeth Halsey certain duties regarding her care and treatment that are set forth in applicable law. To the extent that Paragraph 32 alleges any duties or responsibilities owed to Halsey by Defendants beyond those imposed by applicable law or that Defendants breached such duties or responsibilities to Halsey, Defendants deny such allegations.

33. Defendants admit that West Liberty Nursing and Rehabilitation Center owed Elizabeth Halsey certain duties regarding her care and treatment that are set forth in applicable law. To the extent that Paragraph 33 alleges any duties or responsibilities owed to Halsey by Defendants beyond those imposed by applicable law or that Defendants breached such duties or responsibilities to Halsey, Defendants deny such allegations.

34. Defendants admit that West Liberty Nursing and Rehabilitation Center owed Elizabeth Halsey certain duties regarding her care and treatment that are set forth in applicable law. To the extent that Paragraph 34 alleges any duties or responsibilities owed to Halsey by Defendants beyond those imposed by applicable law or that Defendants breached such duties or responsibilities to Halsey, Defendants deny such allegations.

35. Defendants admit that West Liberty Nursing and Rehabilitation Center owed Elizabeth Halsey certain duties regarding her care and treatment that are set forth in applicable law. To the extent that Paragraph 35 alleges any duties or responsibilities owed to Halsey by Defendants beyond those imposed by applicable law or that Defendants breached such duties or responsibilities to Halsey, Defendants deny such allegations.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint and further assert that Plaintiff is not entitled to judgment against Defendants or any damages or other relief in regard to Defendants in this matter.

37. In response to the allegations set forth in Paragraph 37 of the Complaint, Defendants restate and reallege each and every response and defense to Plaintiff's allegations set forth above in Paragraphs 1-36.

38. Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in Paragraph 39 of the Complaint, including all subparts.

40. Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42. In response to the allegations set forth in Paragraph 42 of the Complaint, Defendants restate and reallege each and every response and defense to Plaintiff's allegations set forth above in Paragraphs 1-41.

43. Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44. Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in Paragraph 45 of the Complaint and further assert that Plaintiff is not entitled to judgment against Defendants or any damages or other relief in regard to Defendants in this matter.

46. In response to the allegations set forth in Paragraph 46 of the Complaint, Defendants restate and reallege each and every response and defense to Plaintiff's allegations set forth above in Paragraphs 1-45.

47. In response to the allegations contained in Paragraph 47 of the Complaint, Defendants admit that Pamela Burton had to undergo certain licensing requirements and had certain duties in her role as Administrator of the facility, as set forth in applicable law. To the extent that Paragraph 47 alleges licensing requirements or duties beyond those set forth in applicable law and/or alleges Pamela Burton violated any licensing requirements or duties, Defendants deny such allegations.

48. In response to the allegations contained in Paragraph 48 of the Complaint, Defendants admit that Pamela Burton had to undergo certain licensing requirements and had certain duties in

49.     In response to the allegations contained in Paragraph 49 of the Complaint, Defendants admit that Pamela Burton had to undergo certain licensing requirements and had certain duties in her role as Administrator of the facility, as set forth in applicable law. To the extent that Paragraph 49 alleges licensing requirements or duties beyond those set forth in applicable law and/or alleges Pamela Burton violated any licensing requirements or duties, Defendants deny such allegations.

50.     In response to the allegations contained in Paragraph 50 of the Complaint, Defendants admit that Pamela Burton had to undergo certain licensing requirements and had certain duties in her role as Administrator of the facility, as set forth in applicable law. To the extent that Paragraph 50 alleges licensing requirements or duties beyond those set forth in applicable law and/or alleges Pamela Burton violated any licensing requirements or duties, Defendants deny such allegations.

51.     Defendants deny the allegations set forth in Paragraph 51 of the Complaint, including all of its subparts.

52.     Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations set forth in Paragraph 53 of the Complaint, including all of its subparts.

54.     The allegations contained in Paragraph 54 of the Complaint are legal conclusions that require no response. However, to the extent such a response is required, Defendants admit that

West Liberty Nursing and Rehabilitation Center owed Elizabeth Halsey certain duties regarding her care and treatment that are set forth in applicable law but that, to the extent that Paragraph 54 alleges any duties or responsibilities owed to Halsey by Defendants beyond those imposed by applicable law or that Defendants breached such duties or responsibilities to Halsey, Defendants deny such allegations. Defendants further deny all remaining allegations in Paragraph 54.

55. Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint and further assert that Plaintiff is not entitled to judgment against Defendants or any damages or other relief in regard to Defendants in this matter.

57. In response to the allegations set forth in Paragraph 57 of the Complaint, Defendants restate and reallege each and every response and defense to Plaintiff's allegations set forth above in Paragraphs 1-56.

58. Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59. Defendants deny the allegations set forth in Paragraph 59 of the Complaint and further assert that Plaintiff is not entitled to judgment against Defendants or any damages or other relief in regard to Defendants in this matter.

60. Any and all allegations contained in the Complaint not specifically admitted above by Defendants are hereby denied.

## FIRST DEFENSE

61. Plaintiff's Complaint fails, in whole or in part, to state a claim against Defendants for which relief can be granted against Defendants.

## SECOND DEFENSE

62. The claims in this lawsuit are subject to a binding Arbitration Agreement between Plaintiff and West Liberty Nursing and Rehabilitation Center, requiring dismissal of this action. Defendants incorporate by reference the Arbitration Agreement, attached as Exhibit A, and the provisions set forth therein, which provide that the Arbitration Agreement is governed by the Kentucky Uniform Arbitration Act. Under KRS § 417.050, a written arbitration agreement "is valid, enforceable and irrevocable, save upon such grounds as exist at law for the revocation of any contract."

### THIRD DEFENSE

63. Subject to what discovery may reveal, the injuries and damages alleged in the Complaint, if any occurred, were caused in whole or in part by the primary, active, superseding, intervening negligence and/or intentional acts or omissions of Plaintiff and/or Plaintiff's decedent and/or persons or entities other than Defendants for which Defendants have no liability or responsibility and which were the proximate cause and/or a substantial factor in causing said injuries and damages, if any, and the Plaintiff's claims against Defendants are, therefore, barred or should be reduced in proportion to the fault attributable to persons other than Defendants.

### FOURTH DEFENSE

64. Plaintiff's claim for punitive damages is barred by the provisions of KRS § 411.184 and the prohibition against excessive fines contained in the 8th Amendment to the United States Constitution, by the Due Process Clause of the 14th Amendment to the United States Constitution, as well as §§ 2 and 14 of the Kentucky Constitution. The substantive proof of, and the procedures set out in Kentucky's punitive damages system, violate the Due Process Clause of the 14th Amendment of the United States Constitution and provisions of the Kentucky Constitution.

## FIFTH DEFENSE

65. Pending discovery, the Complaint is barred, in whole or in part, by applicable statutes of limitation including but not limited to KRS 413.140 or the equitable doctrine of laches.

## SIXTH DEFENSE

66. Subject to what discovery may reveal, the injuries and damages alleged in the Complaint, if any are found, were caused in whole or in part by Plaintiff and/or the Plaintiff's decedent's contributory and/or comparative negligence by reason of their failure to use the degree of care that would have been used by an ordinary, reasonable and prudent person under the same or similar circumstances. Any damages to which the Plaintiff may be found to be entitled are barred and should be reduced in proportion to the amount of fault attributable to the Plaintiff and/or the Plaintiff's decedent. The negligence of the Plaintiff and/or the Plaintiff's decedent proximately caused, contributed to, and was a substantial factor in causing the injuries and damages, if any, alleged in the Complaint.

## SEVENTH DEFENSE

67. Defendants' conduct was not the proximate cause or a substantial factor in causing any of the injuries or damage, if any occurred, alleged by the Plaintiff.

## EIGHTH DEFENSE

68. Plaintiff has failed to plead special damages, if any, with specificity as required by Rule 9.6 of the Kentucky Rules of Civil Procedure and any claims for special damages are therefore barred.

## NINTH DEFENSE

69. Defendants reserve all defenses related to insufficiency of process or service of process.

**TENTH DEFENSE**

70. To the extent that there exists any person or entity who has paid any amounts to or for the benefit of Plaintiff or Plaintiff's decedent on account of events or injuries or damages alleged in the Complaint and who have not been properly notified of their subrogation rights, Plaintiff has failed to comply with KRS 411.188 and the Complaint is barred. Alternatively, Plaintiff is precluded from recovery of amounts which are the subject of subrogation rights. Moreover, to the extent such person or entity exists, Plaintiff is not the real party in interest to the extent of any such payment.

**ELEVENTH DEFENSE**

71. Defendants reserve the right to supplement this answer and plead any and all additional defenses and affirmative defenses that arise during the course of the litigation.

**WHEREFORE**, Defendants respectfully demand that:

1. The claims against them be dismissed with prejudice and the Plaintiff take nothing thereby;

2. Defendants be awarded its costs and expenses incurred in defending this action, including attorneys' fees where permitted by law; and

3. Any and all other relief in law or equity to which Defendants may be entitled.

Respectfully submitted,

**GWIN STEINMETZ MILLER & BAIRD, PLLC**

s/Donald L. Miller, II
Donald L. Miller, II
dmiller@gsmblaw.com
Michael F. Sutton
msutton@gsmblaw.com
401 West Main Street, Suite 1000
One Riverfront Plaza
Louisville, Kentucky 40202
Telephone: (502) 618-5700
Facsimile: (502) 618-5701

*Counsel for Defendants Advocat, Inc.; Diversicare Management Services Co.; Diversicare Leasing Corp. d/b/a West Liberty Nursing and Rehabilitation Center; and Pamela Burton, in her capacity as Administrator of West Liberty Nursing and Rehabilitation Center*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Donald L. Miller, II and Michael F. Sutton.

I further certify that a copy of the foregoing was mailed via US Mail, postage pre-paid, to the following, non-ECF participant:

Richard E. Circeo
Wilkes & McHugh. P.A.
2100 West End Plaza Suite 640
Nashville, Tennessee 37203

    s/Donald L. Miller, II
    Donald L. Miller, II
    dmiller@gsmblaw.com
    Michael F. Sutton
    msutton@gsmblaw.com
    401 West Main Street, Suite 1000
    One Riverfront Plaza
    Louisville, Kentucky 40202
    Telephone: (502) 618-5700
    Facsimile: (502) 618-5701

    *Counsel for Defendants Advocat, Inc.; Diversicare Management Services Co.; Diversicare Leasing Corp. d/b/a West Liberty Nursing and Rehabilitation Center; and Pamela Burton, in her capacity as Administrator of West Liberty Nursing and Rehabilitation Center*