**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION
Case No. 0:08-CV53-HRW**

**ELECTRONICALLY FILED**

Judy Rudd, as Administratrix
of the Estate of Elizabeth Halsey,
deceased, and the wrongful death
beneficiaries of Elizabeth Halsey                    PLAINTIFF

v.

Advocat, Inc.;
Diversicare Management Services Co.;
Diversicare Leasing Corp.
d/b/a West Liberty Nursing and Rehabilitation Center;
Pamela Burton, in her capacity as Administrator
of West Liberty Nursing and Rehabilitation Center;
and John Does 1 through 10,
Unknown Defendants                                   DEFENDANTS

## PLAINTIFF'S MOTION TO REMAND

Plaintiff moves pursuant to 28 U.S.C. § 1447(c) to remand this case to the Circuit Court of Morgan County of the Commonwealth of Kentucky because this Court lacks federal question jurisdiction and there is not complete diversity of citizenship between Plaintiff and Defendants; thus, the removal was accomplished in violation of 28 U.S.C. § 1331 and 1441(a). In support of this motion, Plaintiff states as follows:

1. Elizabeth Halsey was admitted to West Liberty Nursing and Rehabilitation Center on April 25, 2006, and she remained a resident there until June 22, 2006. Ms. Halsey died shortly thereafter on July 10, 2006. Defendants owned, operated, managed, and controlled West Liberty Nursing and

Rehabilitation Center at all times relevant to this action. In her Complaint filed on March 6, 2008, in the Morgan County Circuit Court, Plaintiff alleged that Ms. Halsey suffered personal injuries and death as the result of Defendants' failure to provide adequate care to this elderly infirm resident.

2.  Plaintiff's claims against the "Nursing Home Defendants" are based on allegations of negligence, medical malpractice, corporate negligence, violations of Ms. Halsey's rights as a long term care resident pursuant to KY. REV. STAT. ANN. §§ 216.510 *et seq.,* and wrongful death, while her claim against Pamela Burton, in her capacity as Administrator of the facility, is based on negligence. *See* Plaintiff's Complaint (attached hereto as **Exhibit A**).

3.  Plaintiff's well-pleaded Complaint does not establish that either federal law creates the causes of action alleged or her right to relief necessarily depends on the resolution of a substantial question of federal law. Therefore, Plaintiff's Complaint cannot be construed to create federal jurisdiction.

4.  Accordingly, this case should be remanded to the Circuit Court of Morgan County, Kentucky, pursuant to 28 U.S.C. § 1447(c).

5.  Plaintiff further relies upon the memorandum of law in support of her Motion to Remand.

6.  Plaintiff respectfully requests an award of the costs and attorney's fees incurred in pursuing this motion.

7.  Plaintiff further respectfully requests that this Court grant a hearing on this Motion to Remand.

WHEREFORE, Plaintiff prays that this case be remanded to the Circuit Court of Morgan County of the Commonwealth of Kentucky, from whence it came.

Respectfully submitted this 24TH day of
April 2008,

Judy Rudd, as Administratrix of the Estate of Elizabeth Halsey, deceased, and on behalf of the wrongful death beneficiaries of Elizabeth Halsey

By:   */s/ Lisa E. Circeo*
Lisa E. Circeo (KY 90252)
Richard E. Circeo (KY 90243)
WILKES & McHUGH, P.A.
429 N. Broadway
Lexington, KY 40508
Telephone:   (859) 455-3356
Facsimile:   (859) 455-3362

Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I, Lisa E. Circeo, hereby certify that on April 24, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Donald L. Miller, II
Michael F. Sutton
Gwin Steinmetz Miller & Baird, PLLC
One Riverfront Plaza
401 West Main Street
Suite 1000
Louisville, KY 40202

*/s/ Lisa E. Circeo*
Wilkes & McHugh, P.A.
Attorneys for Plaintiffs