UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION
Case No. 0:08-CV-00053
*[Electronically filed]*

Judy Rudd, as Administratrix of
The Estate of Elizabeth Halsey,
Deceased and the Wrongful Death
Beneficiaries of Elizabeth Halsey                                                            PLAINTIFF

v.

Advocat, Inc.

Diversicare Management Services Co.

Diversicare Leasing Corp. d/b/a
West Liberty Nursing and Rehabilitation Center

Pamela Burton, in her capacity as Administrator
of West Liberty Nursing and Rehabilitation Center

and John Does 1 through 10, Unknown Defendants                                   DEFENDANTS

## DEFENDANTS' RESPONSE TO MOTION TO REMAND (DN: 6)

Defendants, Advocat, Inc., Diversicare Management Services Co., Diversicare Leasing Corp. d/b/a West Liberty Nursing and Rehabilitation Center, and Pamela Burton, in her capacity as Administrator of West Liberty Nursing and Rehabilitation Center (hereinafter collectively "Defendants"), hereby provide their Response in opposition to Plaintiff's Motion to Remand (DN: 6).

The Complaint (attached as Exhibit 1 to DN: 1) of record in this case unequivocally establishes that this Court has original jurisdiction over this matter. In fact, this Court, in its Order (DN: 4) dated March 31, 2008, has already correctly determined that it has jurisdiction over this matter. Thus, Plaintiff's "Motion to Remand" is in actuality a Motion to Reconsider.

Plaintiff has provided no new information warranting this Court to reverse its prior ruling, and Plaintiff's Motion should therefore be denied.

**INTRODUCTION**

This lawsuit, filed against West Liberty Nursing and Rehabilitation Center, a long-term care facility in West Liberty, Kentucky, is a negligence case alleging, among other things, violations of federal laws and regulations applicable to long-term care facilities that receive Medicaid and Medicare reimbursement. Plaintiff has named and sued several corporate entities, none of which are citizens of the Commonwealth. The only non-diverse Defendant named, although nominally, is Pamela Burton ("Burton"), the Administrator of the facility. Burton was sued only in her capacity as Administrator. Defendants removed this case on the basis of federal question jurisdiction, based on the express language of Plaintiff's Complaint.

Specifically, this Court has original jurisdiction because Plaintiff's Complaint asserts a claim against Defendant Pamela Burton based upon federal law, claiming that Burton breached federal laws and regulations in her role as Administrator of the facility. The resolution of Plaintiff's claims against Burton will involve an interpretation of said federal laws and regulations and whether a claim can be asserted against Burton under those laws.

In addition, Plaintiff alleges against all of the Defendants breaches of Elizabeth Halsey's federal rights set forth under the Medicare and Medicaid regulations pertaining to long-term care residents, codified at 42 CFR Part 483. The resolution of these issues will also turn on the interpretation of the federal regulations. Thus, as this Court has already ruled, this Court clearly has original jurisdiction over this case pursuant to 28 U.S.C. 1441(a).

**ARGUMENT**

1. **This Court has original jurisdiction in this matter pursuant to 28 U.S.C. 1441(a), because Plaintiff's Complaint raises overt questions of federal law.**

Plaintiff's Complaint on its face raises federal questions, giving this Court original jurisdiction under 28 U.S.C. 1441(a). In particular, this Court has original jurisdiction because Plaintiff's Complaint asserts a claim against Defendant Pamela Burton based upon federal law, alleging that Burton failed to comply with federal laws and regulations, resulting in injuries to Plaintiff and/or Plaintiff's decedent. Plaintiff claims that Burton was "responsible for the total management of West Liberty Nursing and Rehabilitation Center pursuant to federal law." (Complaint at Paragraph 49). Plaintiff additionally claims that Burton's "management responsibilities" included ensuring that the facility provided services in compliance with all applicable federal laws and that Burton failed to comply with those federal laws. *Id.* at Paragraphs 50 through 53. Plaintiff also claims that Halsey was a member of "a class intended to be protected by the above laws and regulations" and suffered injuries resulting from "events the laws and regulations were designed to prevent." *Id.* at Paragraph 54. Plaintiff also alleges that Burton failed to comply with "the federal minimum standards imposed by the United States Department of Health and Human Services." *Id.* at Paragraph 53.

Plaintiff's claims against Defendant Burton will therefore require an interpretation of the federal statutes and regulations in question to determine the answers to the following significant questions:

- (1) Does federal law mandate that Burton was in fact responsible for the "total management" of the facility?

- (2) Did Burton fail to comply with the federal statutes and regulations in question?

- (3) Do the federal statutes and regulations in question provide Plaintiff with a cause of action against Burton and/or the other Defendants in the case?

3

(4) Was Halsey a member of a class intended to be protected by the federal laws and regulations in question?

(5) Did Burton fail to comply with the federal minimum standards imposed by the United States Department of Health and Human Services?

(6) Are Plaintiff's alleged injuries a result of events the federal laws and regulations were designed to prevent?

In addition, Plaintiff's claims of negligence against the remaining Defendants allege breaches of duties set forth in the federal Medicare and Medicaid regulations pertaining to long-term care residents, codified at 42 CFR Part 483. These Regulations apply to all long-term care facilities participating in Medicare and Medicaid programs. Examples of the federal regulations that are raised in Plaintiff's Complaint include, but are by no means limited to, the following[1]:

- **Have sufficient nursing staff. (42 CFR §483.30)** [*"Defendants knowingly developed and maintained staffing levels at West Liberty Nursing and Rehabilitation Center in disregard of patient acuity levels." See* Paragraph 19 of Plaintiff's Complaint]

- **Conduct initially a comprehensive and accurate assessment of each resident's functional capacity. (42 CFR §483.20)** [*"failure to ensure that Elizabeth Halsey . . . received timely and accurate care assessments." See* Paragraphs 20(e) and 26(a) of Plaintiff's Complaint.]

- **Maintain acceptable parameters of nutritional status. (42 CFR §483.25(i))** [*"Failure to provide Elizabeth Halsey with adequate nutrition . . . ." See* Paragraph 26(h) of Plaintiff's Complaint.]

- **Provide each resident with sufficient fluid intake to maintain proper hydration and health. (42 CFR §483.25(j))** [*"failure to provide Elizabeth Halsey with adequate amounts of fluid to prevent dehydration." See* Paragraphs 26(g) and 51(c) of Plaintiff's Complaint.]

- **Maintain dignity and respect of each resident. (42 CFR §483.15)** [*"The violation of the residents' rights of Elizabeth Halsey include . . . violation of the right to be treated with consideration, respect and full recognition of her dignity and individuality. . . . See*

---

[1] The language of the Complaint confirms that Plaintiff is invoking these federal rights and alleging breaches of the same. As such, an additional federal question involved in this case is whether Plaintiff has the standing to bring claims based upon these federal rights or whether those rights can only be invoked by a resident herself.

4

Paragraph 39(a) of Plaintiff's Complaint.]

- **Develop a comprehensive care plan for each resident. (42 CFR §483.20)** [*"Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs. See* Paragraph 39(c) of Plaintiff's Complaint.]

- **Maintain clinical records on each resident in accordance with accepted professional standards. (42 CFR §483.75)** [*"Failure to maintain all records on Elizabeth Halsey in accordance with accepted professional standards . . . ." See* Paragraph 51(k) of Plaintiff's Complaint.]

In fact, throughout the Complaint, Plaintiff repeatedly quotes language from the federal regulations *verbatim* as a basis for her claims. For example, Plaintiff alleges that Defendants failed "to ensure that Elizabeth Halsey attained and maintained her highest level of physical, mental, and psychosocial well-being." *See* Complaint at Paragraph 51(d) (emphasis added). This language is lifted directly from 42 CFR §483.75, which states, "Each resident must receive and the facility must provide the necessary care and services to attain or maintain the highest practicable physical, mental, and psychosocial well-being . . ." (emphasis added).

Because Plaintiff has based these claims upon federal statutes and federal regulations, this Court has jurisdiction in this matter pursuant to 28 U.S.C. 1441(a). *See, e.g., Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (finding federal question jurisdiction over state law negligence case brought where an alleged violation of federal law formed a basis of the negligence claims). As described above, Plaintiff's Complaint establishes that federal law creates her cause of action against Defendant Burton and that federal law creates a portion of her claims against the remaining Defendants. Likewise, Plaintiff's right to relief based upon those causes of action necessarily depends on the resolution of substantial questions of law, as set forth above, as the applicability and meaning of those federal statutes are in dispute. *See, e.g., Grable*

5

*& Sons Metal Products, Inc. v. Darue Engineering & Mfg*, 545 U.S. 308, 315 (U.S. 2005). Therefore, the Court should stand by its ruling that it has jurisdiction in this matter.

2. **Even if Plaintiff had not raised overt questions of federal law, this Court would still have original jurisdiction in this matter pursuant to 28 U.S.C. 1441(a), because Plaintiff's Complaint also raises embedded questions of federal law.**

The Commonwealth's requirements for all facilities receiving funds from the Commonwealth's Department for Medicaid services are based on federal law. In fact, the Cabinet for Health and Family Services has been charged with the responsibility to administer the Commonwealth's Medicaid Program:

> . . . KRS 205.520(3) authorizes the cabinet, by administrative regulation, to comply with any requirement that may be imposed, or opportunity presented, **by federal law** for the provision of medical assistance to Kentucky's indigent citizenry.

907 KAR 1:645 (emphasis added).

As such, the state regulations and statutes relating to long-term care residents set forth in KRS 216 and which are specifically identified in Plaintiff's Complaint as a basis for Plaintiff's claims are also administered and imposed in accordance with the Federal regulations. "[E]ven though a plaintiff asserts only claims under state law, federal-question jurisdiction may be appropriate if the state-law claims implicate significant federal issues." *Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006).

Therefore, federal question jurisdiction is invoked in regard to Plaintiff's claims under KRS 216 as well, because the basis for her allegations of negligence "are state law claims that implicate significant federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg*, 545 U.S. 308, 314 (U.S. 2005). "A federal question may arise out of a state law case or controversy if the plaintiff asserts a federal right that 1) involves a substantial question of federal law 2) is framed in terms of state law; and 3) requires interpretation of federal law to resolve the

6

case." *Kentucky v. China Tobacco Anyang Cigarette Factory*, 2005 WL 2234638 (E.D. Ky 2005) (citing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg*, 545 U.S. 308, 314 (U.S. 2005). As described above, Plaintiff has asserted numerous rights and alleged violations of those rights in her Complaint that are established by the federal regulations. Thus, even if Plaintiff had not raised the overt federal questions described above and had only framed these issues as general allegations of negligence and as violations of Kentucky's long-term care residents' rights under KRS 216, the resolution of these issues would still turn on interpretation of the federal regulations, as mandated by 907 KAR 1:645.[2] As such, this court holds original jurisdiction over this matter pursuant to 28 U.S.C. 1441(a) and, therefore, Plaintiff's Motion to remand must be denied.[3]

---

[2] This Court was presented a similar argument that "embedded" federal question jurisdiction existed in *Lindsey v. Kentucky Medical Investors, LTD.*, 2005 WL 2281607 (E.D. Ky. September 19, 2005). Ultimately, this Court concluded in *Lindsey* that Plaintiff's verbatim recitation of language directly from the federal Medicare and Medicaid regulations did not "raise a substantial federal question" to warrant federal question jurisdiction. *Id.* at *6. However, *Lindsey* was decided prior to the United States Supreme Court's decision in *Grable* and this Court did not consider whether the analysis of an "embedded federal question," as raised by *Grable*, allowed for original jurisdiction of the Court.

[3] Moreover, even if Plaintiff's Complaint had not raised questions of federal law, there is a question regarding whether this Court would still have original jurisdiction in this matter on the basis of diversity pursuant to 28 U.S.C. 1332(a)(1), because Defendant Pamela Burton, the only nominally non-diverse party in the case, has been sued only in her capacity as Administrator and not as an individual.

In *Lindsey v. Kentucky Medical Investors, LTD.*, 2005 WL 2281607 (E.D. Ky. September 19, 2005) (quoting and relying on *Murphy v. EPI Corp.*, 2004 WL 405754 (Ky. App.2004)) this Court held that *Murphy* impliedly creates a potential duty of ordinary care on the Administrator of a nursing home to protect a resident from foreseeable harm, and that the defendants therefore did not prove fraudulent joinder. However, in a case involving similar questions of diversity of citizenship, the Second Circuit ruled that there is a "crucial distinction" between a party who is involved in the litigation in his capacity as an agent versus a party who is involved as an individual rather than merely being involved in his representative capacity. *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 194 (2d Cir. 2003). The court noted that in the case where a plaintiff brings a suit solely in his representative capacity, the citizenship of the represented party, and not that of the representative, controls. *Id*. The court likewise noted that, where a lead underwriter had been sued solely in his individual capacity, only his citizenship, and not that of the individual underwriters in a syndicate, needed to be considered for diversity purposes. *Id*. at 194-95 (citing *E.R. Squibb & Sons, Inc. v. Accident and Casualty Insurance Co*., 241 F.3d 154, 161 (2d Cir. 2001).

This "crucial distinction" exists in the present case as Defendant Burton has not been sued as an individual but in her representative capacity as Administrator. Thus, her citizenship, for the purposes of determining diversity jurisdiction arguably is the citizenship of her employer, not her citizenship as an individual. Plaintiff, in her Complaint, acknowledges that Defendant Advocat, Inc. is a foreign corporation, Diversicare Leasing Corp. d/b/a

7

**CONCLUSION**

As set forth on the face of Plaintiff's Complaint, Plaintiff raises overt questions of federal law as well as embedded questions of federal law. As such, this Court should deny Plaintiff's Motion to Remand this action back to state court because Plaintiff's Complaint establishes clear bases for original jurisdiction in this Court under 28 U.S.C. 1441(a).

Respectfully submitted,

**GWIN STEINMETZ MILLER & BAIRD, PLLC**

s/ Michael F. Sutton
Donald L. Miller, II
dmiller@gsmblaw.com
Michael F. Sutton
msutton@gsmblaw.com
401 West Main Street, Suite 1000
One Riverfront Plaza
Louisville, Kentucky 40202
Telephone: (502) 618-5700
Facsimile: (502) 618-5701

*Counsel for Defendants Advocat, Inc.; Diversicare Management Services Co.; Diversicare Leasing Corp. d/b/a West Liberty Nursing and Rehabilitation Center; and Pamela Burton, in her capacity as Administrator of West Liberty Nursing and Rehabilitation Center*

---

West Liberty Nursing and Rehabilitation Center is a foreign corporation, and Diversicare Management Services Co. is a foreign corporation. *See* Complaint at Paragraphs 4-6.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Donald L. Miller, II – dmiller@gsmblaw.com

Michael F. Sutton – msutton@gsmblaw.com

Richard E. Circeo – rcirceo@wilkesmchugh.com

Lisa E. Circeo – lcirceo@wilkesmchugh.com

s/ Michael F. Sutton
Donald L. Miller, II
dmiller@gsmblaw.com
Michael F. Sutton
msutton@gsmblaw.com
401 West Main Street, Suite 1000
One Riverfront Plaza
Louisville, Kentucky 40202
Telephone: (502) 618-5700
Facsimile: (502) 618-5701

*Counsel for Defendants Advocat, Inc.; Diversicare Management Services Co.; Diversicare Leasing Corp. d/b/a West Liberty Nursing and Rehabilitation Center; and Pamela Burton, in her capacity as Administrator of West Liberty Nursing and Rehabilitation Center*