UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 08-53-HRW

JUDY RUDD, as Administratrix of
the estate of Elizabeth Halsey and
the wrongful death beneficiaries
of Elizabeth Halsey,                                                PLAINTIFF,

v.                          ORDER

ADVOCAT, INC.,
DIVERSICARE MANAGEMENT SERVICES CO.,
DIVERSICARE LEASING CORP.,
d/b/a WEST LIBERTY NURSING AND
REHABILITATION CENTER,
PAMELA BURTON, in her capacity as ADMINISTRATOR
of WEST LIBERTY NURSING AND
REHABILITATION CENTER, and
JOHN DOES 1 through 10,                                             DEFENDANTS.

This matter is before the Court upon the Motion of Plaintiff to Remand this case to the Circuit Court of Morgan County [Docket No. 6]. For the reasons stated below, this Court finds that it lacks jurisdiction over this matter and, thus, remand is appropriate.

I.  BACKGROUND

On April 25, 2006, Elizabeth Halsey was admitted to West Liberty Nursing and Rehabilitation Center (hereinafter "West Liberty") where she remained until June 22, 2006. Elizabeth Halsey died less than a month later, on July 10, 2006.

Plaintiff Judy Rudd, as administratrix of Elizabeth Halsey's estate, alleges that Elizabeth Halsey's death was "accelerated" by the deficient care and treatment she received at West Liberty. Specifically, she asserts that Ms. Halsey suffered pressure sores, skin tears, malnutrition, dehydration, weight loss, urosepsis, acute renal failure, severe pain, poor hygiene while residing at West Liberty, all of which Plaintiff contends contributed to her eventual untimely death.

Plaintiff initiated this civil action in Morgan Circuit Court on March 6, 2008 on behalf of the Estate of Elizabeth Halsey against several defendants, including Diversicare Leasing Corp. d/b/a West Liberty Nursing and Rehabilitation Center and Pamela Burton, alleging ordinary negligence, corporate negligence, medical negligence, wrongful death and violation of the Kentucky Nursing Home Residents' Rights Act, K.R.S. 216.510[Docket No. 1-2].

The Defendants filed a Notice of Removal on the basis of purported federal question jurisdiction as well as diversity jurisdiction[1] [Docket No. 1].

Plaintiff refutes federal jurisdiction and argues that her Complaint arises solely under state law.

---

[1] The Court finds that diversity jurisdiction does not exist in that Plaintff and Defendant Pamela Burton are both citizens of the Commonwealth of Kentucky.

2

## II.   ANALYSIS

A district court must remand a removed case if it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447( c).

The issue in this case is whether this Court has original jurisdiction of this case.  A federal court has original jurisdiction over a federal question when the civil action "arises under" the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. The question whether a claim arises under federal law must be determined by reference to the "well-pleaded" complaint. *See generally, Caterpillar Inc., v. Williams*, 482 U.S. 386 (1987).  Simply put, does the Complaint allege a violation of a federal law?

In this case, the answer is no.  Indeed, the Complaint is devoid of any citation to a specific federal law or regulation.  The only references to any source of federal law are a general references to "the applicable federal laws and regulations governing the certification of long-term care facilities under Titles Xviii or XIX of the Social Security Act" [Docket No. 1-2. ¶22(d)], an allegation against Burton for failure to comply with the "applicable federal . . . laws, regulations and codes" [Docket No. 1-2. ¶50, 53 and 554] and a claim that Burton failed to comply with "the federal minimum standards" [Docket No. 1-2. ¶54]. These vague allusions to federal law are hardly calls for vindication of rights

3

created by federal law and, thus, cannot be the basis for the exercise of jurisdiction by this Court.

Nor can the Complaint be read to contain an "embedded federal question" sufficient to confer jurisdiction upon this Court. In other words, Plaintiff' right to relief does not depend on a substantial question of federal law. The federal regulations sporadically referred to in the Complaint are just one criterion by which to determine Defendants' negligence. Thus, Plaintiff's claim is not "necessarily dependent" upon federal law and, therefore, does not "arise under" the same. *See, Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986).

In *Shawver v. Bradford Square Nursing, LLC, et al.*, 2008 WL 2355803 (E.D.Ky. June 5, 2008), another court in this district found that it did not have federal jurisdiction over claims virtually identical to those raised by Plaintiff in this case.

This district, again, found remand appropriate in a case similar to the instant mater. *Lindsey v. Kentucky Medical Investors, Ltd.*, 2005 WL 2281607 (E.D.Ky. Sept. 19, 2005).

The undersigned finds the rulings in *Shawver* and *Lindsey* to be sound and compelling. Thus, this Court will not deviate from them.

I

4

## II. CONCLUSION

"It must always be borne in mind that a federal court is a court of limited jurisdiction and can only entertain those actions which fall squarely within its jurisdiction . . . Where there doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to State court where there is no doubt as to its jurisdiction." *Walsh v. American Airlines, Inc.*, 264 F.Supp. 514, 515 (E.D. Ky. 1967).

In this case, there is little doubt as to whether federal jurisdiction exists. The Complaint simply does not raise a federal question - overt, embedded or otherwise.

Accordingly, **IT IS HEREBY ORDERED:**

(1) that Plaintiff's Motion to Remand [Docket No. 6] be **SUSTAINED**;

(2) that this matter be **REMANDED** the Morgan Circuit Court, Morgan County, Kentucky; and

(3) that this action is hereby **STRICKEN** from this docket.

This August 18, 2008.

Henry R. Wilhoit, Jr., Senior Judge